**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**David Anthony FUSELIER,
Defendant–Appellant.**

No. 03–30438.
Conference Calendar

United States Court of Appeals,
Fifth Circuit.

DECIDED: April 20, 2004.

Camille Ann Domingue, Assistant US Attorney, US Attorney's Office, Lafayette, LA, Karen Lynn Stevens, US Department of Justice, Civil Division, Jessica Dunsay Silver, US Department of Justice, Civil Rights Division, Washington, DC, for Plaintiff–Appellee.

Christopher Albert Aberle, Mandeville, LA, for Defendant–Appellant.

Before JOLLY, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

David Anthony Fuselier appeals the sentence imposed following his convictions for conspiracy to violate the victims' federal civil rights, interference with the victims' housing rights, and using fire or explosives to commit a felony. Fuselier argues that the district court clearly erred in finding that he was a leader or organizer of the offenses and in increasing his offense level by four levels under U.S.S.G. § 3B1.1(a).

The Presentence Report (PSR) provided that Fuselier was the Great Titan of a district within America's Invisible Empire, a faction of the Ku Klux Klan. All of the defendants were members of this group, and Fuselier was the highest ranking official in this group of defendants. The PSR provided that Fuselier instructed Christopher Hammer to build a cross. Fuselier instructed Samuel Trahan and Berry Harris to place the cross in the victims' front yard and to set it on fire. He told Holly Dartez to drive to the victims' house, to park in a particular place, to drive back to her residence, and to stay within the speed limit. He also told the group not to look at the cross as they drove away so that they would not seem suspicious. The district court was entitled to rely on the facts set forth in the PSR as Fuselier did not present any rebuttal evidence or demonstrate that the information in the PSR was unreliable. *See United States v. Cabrera,* 288 F.3d 163, 173–74 (5th Cir.2002). Because the district court's finding that Fuselier was a leader or organizer of the offense is "plausible in light of the record as a whole," Fuselier has not shown clear error. *See United States v. Parker,* 133 F.3d 322, 330 (5th Cir.1998).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.